UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
ASSOCIATED PRESS,                        :
                                         :
               Plaintiff,                :         05 Civ. 3941 (JSR)
                                         :
          -v-                            :         MEMORANDUM ORDER
                                         :
UNITED STATES DEPARTMENT OF DEFENSE,     :
                                         :
               Defendant.                :
---------------------------------------- x

JED S. RAKOFF, U.S.D.J.

        Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, the Associated Press seeks to ascertain the identities of the

Guantanamo detainees who were involved in the proceedings before the

military Tribunals created for the purpose of determining whether a

given detainee is an enemy combatant.  The Department of Defense

opposes the release of such information, not on the grounds of

national security, but, purportedly, in the interests of protecting

the detainees' privacy.  While some might think it strange, even

hypocritical, that the military officials who held the detainees

incommunicado for so many months now express such solicitude for the

detainees' privacy rights, the Department of Defense maintains that

it is simply carrying out the mandate of FOIA's Exemption 6, which

permits the withholding of certain information "the disclosure of

which would constitute a clearly unwarranted invasion of personal

privacy." 5 U.S.C. § 552(b)(6).[1]

_____

        [1] Although the Department also speaks of protecting the
    detainees' families from physical repercussions that allegedly
    might result from disclosure of the detainees' identities,
    nothing in the language of Exemption 6 speaks to this concern.
    The Court will nevertheless consider this possible concern when

One may well wonder, however, whether the detainees themselves want their identities concealed.  Accordingly, the Court, by Memorandum Order dated August 29, 2005, directed the Department of Defense to find out, by submitting to each detainee a simple written form on which each detainee could answer, "yes" or "no," whether he wanted his identifying information released.[2]

The Department now moves for reconsideration.  It is settled law in this District that a motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced, see, e.g., Horvath v. Deutsche Lufthansa, AG, 2004 U.S. Dist. LEXIS 1733, at *6 (S.D.N.Y. Feb. 9, 2004); Range Rd. Music, Inc. v. Music Sales Corp., 90 F. Supp. 2d 390, 392 (S.D.N.Y. 2000); Marino v. United States, 1998 U.S. Dist. LEXIS 12687, at *7 (S.D.N.Y. Aug. 13, 1998).  Yet the Department's motion simply rehashes three arguments previously rejected and adds a fourth, new argument that, having not been previously advanced, has now been waived.

First, the Department of Defense repeats its argument that FOIA entrusts the government with asserting the detainees' privacy

---

it makes the final balancing required to decide the underlying motion; but first, in order to make a rational assessment, it needs to know the detainees' preferences.  Accordingly, in the final questionnaire approved by the Court, appended hereto, detainees are notified of this concern.

[2] The Memorandum Order also directed the parties to submit proposed versions of the form, which they did.  Having reviewed their submissions and borrowed from each of them, the Court has formulated a final wording of the form, which is appended to this Memorandum Order.

interests, and that the Court may not endeavor to ascertain the detainees' own preferences.  Compare Govt. 8/12/05 Letter Br. at 1-3, with Govt. Mem. Supp. Recons. at 3-5.  The Court did not overlook this argument; it rejected it.  The Court has authority to order discovery to determine whether withheld information falls within a FOIA exemption, see Carney v. United States Dep't of Justice, 19 F.3d 807, 812 (2d Cir. 1994), and "[t]he primary interest at stake in FOIA exemption analysis belongs to the individual, not the agency holding the information," Sherman v. U.S. Dep't of the Army, 244 F.3d 357, 363 (5th Cir. 2001).[3]  What could be more relevant to assessing this interest in the present situation than finding out the privacy preferences of the very persons Exemption 6 is designed to protect?[4]

Second, the Department repeats its related argument that FOIA mandates a categorical determination as to whether the information the Associated Press seeks should be disclosed.  Compare Govt. Reply Mem. Supp. Summ. J. at 8-10, with Govt. Mem. Supp. Recons. at 5-7. Although categorical decisions in FOIA cases are appropriate at times, a categorical decision is not appropriate here.  See United States Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 776 (categorical decisions appropriate only where "a

---

[3] Furthermore, an individual may waive a privacy interest protected by FOIA.  See, e.g., Sherman, 244 F.3d at 364.

[4] The cases now cited by the government, for the first time, as requiring the Court to decide the matter on the basis of affidavits alone only suggest, at most, that the Court may conduct the requisite balancing test without conducting discovery, not that it must do so.

case fits into a genus in which the balance characteristically tips in one direction").

Third, the Department repeats its argument that the questionnaire approach somehow imposes an undue logistical burden. Compare Govt. 8/12/05 Letter Br. at 3-4 and Second Supp. Hacker Decl. with Govt. Mem. Supp. Recons. at 10-12. It is hard to see how the simple half-page, one-question, yes-or-no format proposed by the Court could be anything but efficient, inexpensive, and direct. The Department's claims in this regard are a model of hyperbole. For example, the Department claims that "[c]ompliance with the Court's order would also divert DOD translators and interpreters, which are already in limited supply, thereby compromising key military functions at Guantanamo." Govt. Mem. Supp. Recons. at 11. But how long does it take to translate the six or seven sentences that constitute this simple questionnaire? In seeking to bring the Department's treatment of the detainees within the ambit of law, the Supreme Court has not hesitated to impose far greater logistical burdens. See Hamdi v. Rumsfeld, 124 S. Ct. 2633 (2004) (describing as "unlikely" the government's claim that providing due process to enemy combatants "will have dire impact on the central of war making that the government forecasts").

Fourth, the Department improperly makes a new argument in its motion, arguing for the first time that the questionnaire approach somehow encroaches on the President's constitutional authority to wage war as Commander in Chief of the armed forces. See Govt. Mem. Supp. Recons. at 9-10. As noted, a party is barred from making for

4

the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so. See Horvath, 2004 U.S. Dist. LEXIS at *6.

Moreover, even putting aside the clear waiver, DOD's argument is without merit. The Memorandum Order directs DOD to present the detainees with a single, straightforward question that can be answered by checking "yes" or "no." This is not much different from (though far less onerous than) asking a party to respond to an interrogatory request or document subpoena. Cf. Nixon v. United States, 418 U.S. 683 (1974). Given the simplicity of the procedure, the conclusory assertion that it "intrudes on the relationship between the military and the captured enemy combatants," Govt. Mem. Law Supp. Recons. at 10, is wholly unpersuasive. Indeed, as noted, the Supreme Court has approved far more intrusive judicial involvement in the conduct of these detentions. See Hamdi, 124 S. Ct. at 2649 ("While we accord the greatest respect and consideration to the judgments of military authorities in matters relating to the actual prosecution of a war, and recognize that the scope of that discretion necessarily is wide, it does not infringe on the core role of the military for the courts to exercise their own time-honored and constitutionally mandated roles of reviewing and resolving claims like those presented here."). See also Sanchez v. U.S., 813 F.2d 593 (2d Cir. 1987); Abu Ali v. Aschroft, 350 F. Supp. 2d 28, 61-64 (D.D.C. 2004).

Accordingly, the Department of Defense's motion for reconsideration is hereby denied. The Department is ordered to

5

submit to each detainee the appended questionnaire, duly translated as necessary, by no later than October 14, 2005, and to submit to the Court, by no later than October 28, 2005, an affidavit (if necessary, under seal) summarizing the responses, thereby putting the Court in a position to meaningfully resolve the underlying FOIA request.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated:     New York, New York
           September 26, 2005

## Notice to Detainee

You have previously appeared before a United States military tribunal and made statements that were written down in the form of a transcript. The Associated Press, an international news organization, has asked the United States to release copies of those transcripts, so that it can report on the proceedings. The United States has released large portions of those transcripts, but has held back information about your name and identity, believing that the release of such information may be dangerous to you and your family. Before deciding whether this was proper, the Court that is hearing this dispute would like to know your preference.

Therefore, please check one of the two boxes below, indicating whether or not you want to release identifying information about yourself.

        \_\_\_\_ Yes, I want the identifying information about myself released to the Associated Press.

        \_\_\_\_ No, I do not want the identifying information about myself released to the Associated Press.


Print Name: _____

Signature: _____

Date: _____