UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------- x
ASSOCIATED PRESS,                       :
                                        :
            Plaintiff,                  :   05 Civ. 3941 (JSR)
                                        :
       -v-                              :   OPINION AND ORDER
                                        :
UNITED STATES DEPARTMENT OF DEFENSE,    :
                                        :
            Defendant.                  :
--------------------------------------- x

JED S. RAKOFF, U.S.D.J.

    Beginning in or around June 2004, ad hoc military tribunals created by defendant Department of Defense conducted hearings to determine whether each of the detainees held by the United States at Guantanamo Bay, Cuba was properly classified an "enemy combatant." In November 2004, plaintiff Associated Press sought the transcripts of these proceedings (and certain other documents directly related thereto) pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. When no timely response was received from defendant (or so plaintiff alleges), the Associated Press commenced this lawsuit in April 2005 seeking to compel disclosure.

    In response, the Department of Defense produced redacted copies of the transcripts and related documents, removing the names of the detainees and certain other "identifying information," such as internment serial numbers, names and home locales of the detainees and their families, information tending to reveal the nationalities or countries of origin of the detainees, and names of other persons identified or otherwise referenced by the detainees. See Declaration of Karen L. Hecker, dated June 30, 2005 ("Hecker Decl.") at ¶ 6. No

claim was made, then or thereafter, that these redactions were prompted by considerations of national security or the like. Rather, the sole basis given for the redactions was so-called "Exemption 6," which exempts from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

Contending that Exemption 6 justified each and all of the redactions, the Department of Defense then moved for summary judgment in its favor.[1] To aid the Court in resolving the motion, the Court, by Memorandum Order dated August 29, 2005, directed the Department of Defense to ask each detainee whether he wished his identifying information to be released to the Associated Press or not. See also Memorandum Order dated September 26, 2005 (denying reconsideration). Specifically, each detainee was provided with a form (suitably translated into the detainee's native tongue) which stated as follows:

> You have previously appeared before a United States military tribunal and made statements that were written down in the form of a transcript. The Associated Press, an international news organization, has asked the United States to release copies of those transcripts, so that it can report on the proceedings. The United States has released large portions of those transcripts, but has held back information about your name and identity, believing that the release of such information may be dangerous to you and your family.

---

[1] The Department of Defense failed to file the required Statement of Material Facts in connection with the motion. See Local Civil Rule 56.1. Although such a failure may sometimes warrant denial of a motion for summary judgment, see id., the Court does not consider this case an appropriate case for invocation of this sanction.

2

> Before deciding whether this was proper, the Court that is hearing this dispute would like to know your preference.
> Therefore, please check one of the two boxes below, indicating whether or not you want to release identifying information about yourself.
> __ Yes, I want the identifying information about myself released to the Associated Press.
> __ No, I do not want the identifying information about myself released to the Associated Press.

Of the 317 detainees who received the form, 63 checked "Yes," 17 checked "No," 35 returned the form without checking either response, and 202 declined to return the form. See Declaration of Dale T. Vitale, dated Oct. 28, 2005, at ¶ 4; Supplemental Declaration of Dale T. Vitale, dated Dec. 19, 2005, at ¶ 2.

Against this background, the defendant's motion for summary judgment is now ripe for determination. The relevant legal standards are well established. With regard to FOIA in general, "FOIA strongly favors a policy of disclosure ... and requires the government to disclose its records unless its documents fall within one of the specific, enumerated exemptions set forth in the Act, ... [which] are narrowly construed." Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 355-56 (2d Cir. 2005) (citations omitted). "The Department bears the burden of demonstrating that any claimed exemption applies." Id. at 356. Furthermore, "the Government's burden in establishing the requisite invasion of privacy to support an Exemption 6 claim is heavier than the standard applicable to [certain other exemptions]," United States Dep't of State v. Ray, 502 U.S. 164, 172 (1991), because the Government must show that disclosure "would constitute" (as opposed to "could reasonably be expected to constitute") a "clearly unwarranted" (as opposed to

3

simply "unwarranted") invasion of personal privacy.  <u>United States</u> <u>Dep't of Justice v. Reporters Comm. for Freedom of Press</u>, 489 U.S. 749, 756 (1989).  Finally, of course, a party is entitled to summary judgment only if it can show by undisputed facts supported by admissible evidence that it is entitled to judgment as a matter of law.  Rule 56, Fed. R. Civ. P.; <u>see</u> <u>also</u>, e.g., <u>Giannullo v. City of</u> <u>New York</u>, 322 F.3d 139, 140 (2d Cir. 2003).

Applying these standards to the record on the instant motion, the Court concludes that the Department of Defense has failed to carry its burden.  The only privacy interest it purports to assert under Exemption 6 is that of the detainees; but of the 317 detainees in issue, only 17 have asserted a desire to have their identifying information kept confidential.  Moreover, so far as the record here discloses, none of the detainees – not even these 17 – had a reasonable expectation of privacy with respect to the identifying information they provided.  Most of the information was provided by them in formal legal proceedings before a tribunal, and nothing in the record before the Court suggests that they were informed that the proceedings would remain confidential in any respect.  Thus, this case is starkly different from <u>Ray</u>, <u>supra</u>, in which the Supreme Court, in approving the redactions of certain identifying information under Exemption 6, substantially grounded its decision on the fact that the repatriated Haitian "boat people" who provided the information had expressly been promised confidentiality by the U.S. Government and had plainly relied on that promise.  <u>See</u> <u>Ray</u>, 502 U.S.

4

at 170, 172, 177. Here, by contrast, the record on this motion evidences no such promise, express or implied.

The Department of Defense argues, nonetheless, that Ray supports its position because of language in that decision suggesting that the unidentified Haitians there who had agreed to talk to the U.S. Government after being returned to Haiti had a reasonable fear that they and their families would face embarrassment and retaliation if their identities were made known and their privacy left unprotected. See id. at 176-77. But this "derivative" harm – if cognizable at all under Exemption 6, see id. at 179-83 (Scalia, J., concurring on the ground that the majority opinion's references to such harm are pure dicta) – was premised on fears so well founded that the U.S. Government not only had demanded that Haiti not so retaliate but also had monitored the situation by interviewing the returned Haitians under strict promises of confidentiality. Here, by contrast, the Department of Defense has failed to come forward on this motion with anything but thin and conclusory speculation to support its claims of possible retaliation.² Even under the relaxed evidentiary standards that might arguably apply in these unusual circumstances, such a meager and unparticularized showing is inadequate to meet the standards either of Rule 56 or of FOIA. See

---

² A typical example: "If the detainee's identity is connected to his testimony, and terrorist groups or other individuals abroad are displeased by something the detainee said to the Tribunal, DOD believes that this could put his family at serious risk of reprisals – including death or serious harm – at home. This risk also translates to the detainee himself when he is released from detention." Hecker Decl. at ¶ 9; see also id. at ¶¶ 10-12.

Halpern v. FBI, 181 F.3d 279, 293 (2d Cir. 1999) (to justify application of an exemption under FOIA, government must provide sufficient specificity to permit meaningful judicial review). Even less does it satisfy the heavier burden under Exemption 6 to show that disclosure would in fact constitute a clearly unwarranted invasion of personal privacy.[3]

In short, the Department of Defense has failed on this motion to establish, by undisputed admissible evidence, any cognizable privacy interest on the part of the detainees that would warrant the across-the-board application of Exemption 6 the defendant here seeks.[4] Accordingly, the defendant's summary judgment motion is denied. Counsel for the parties are directed to jointly call Chambers this Thursday, January 5, 2006, at 12:30 P.M. to schedule further proceedings consistent with this Opinion and Order.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        January 4, 2006

---

[3] It is conceivable that in the particular circumstances of a particular detainee, the defendant could meet this burden with respect to some particular items of the redacted information; but the Department of Defense seeks across-the-board redaction of any and all information even remotely tending to identify any of the detainees. Compare NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 162-65 (1975), with Reporters Comm. for Freedom of Press, 489 U.S. at 776-77.

[4] For this reason, the Court finds it unnecessary to reach the numerous other issues raised by the respective parties, such as, e.g., whether the transcripts here in issue qualify as "similar files" under Exemption 6.

6